# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **PAULA BAKER,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 6:16-CV-1951-VEH |
| **NANCY A. BERRYHILL,** *Acting Commissioner Social Security Administration*, | ) |
| **Defendant**. | ) |

## **MEMORANDUM OPINION**[1]

### I.  INTRODUCTION

Plaintiff Paula Baker ("Baker") brings this action under 42 U.S.C. § 405(g). Baker seeks a review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied her application for disability insurance benefits ("DIB"). Baker filed her application on September 26, 2013. After that, Baker exhausted the administrative remedies available before the

---

[1] Nancy A. Berryhill was named the Acting Commissioner on January 23, 2017. *See* https://www.ssa.gov/agency/commissioner.html. Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the Court has substituted Nancy A. Berryhill for Carolyn W. Colvin in the case caption above and **HEREBY DIRECTS** the clerk to do the same party substitution on CM/ECF.

Commissioner. This case is now ripe for judicial review under section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g).

After reviewing the entire record and the arguments set forth, this Court **REVERSES** and **REMANDS** the decision of the Commissioner.

## II. RELEVANT BACKGROUND

Baker was 52 years old at the time the ALJ issued his decision. (Tr. 21). She is high school educated, and she can "communicate in English". (*Id.*). Her past relevant work includes being a special education bus driver. (*Id.*). The alleged onset date is September 11, 2013. (*Id.* at 11). On September 26, 2013, "[she] filed an application for a period of disability and disability insurance benefits." (*Id.*). The Social Security Administration denied that application on November 7, 2013. (*Id.*). On April 20, 2015, Administrative Law Judge Jerome L. Munford held a hearing in Jasper, Alabama. (*Id.*). The ALJ issued his decision on June 26, 2015, which was unfavorable to Baker. (*Id.* at 22). The ALJ determined that Baker suffers from numerous severe impairments but found that her impairments did not meet the severity of the ones included in the Code of Federal Regulations. (*Id.* at 13-16). The ALJ also determined that Baker could still perform substantial gainful activity. (*Id.* at 21-22). Baker requested the Appeals Council review her claim. (*Id.* at 1-4). They refused. (*Id.*).

Baker filed her Complaint in the Northern District of Alabama on December 7, 2016. (Doc. 1). She filed her brief in support of her Complaint on July 27, 2017. (Doc. 12). The Commissioner responded on August 23, 2017. (Doc. 16).

## III. STANDARDS

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*. Factual findings that are supported by substantial evidence must be upheld by the court.

The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the

court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## IV. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[2] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant

---

[2] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

> (1)    whether the claimant is currently employed;
>
> (2)    whether the claimant has a severe impairment;
>
> (3)    whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
>
> (4)    whether the claimant can perform his or her past work; and
>
> (5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## V. FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

After considering the record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since September 11, 2013, the alleged onset date (20 CFR 4041571 *et seq.*).

3. The claimant has the "severe" impairments degeneration of cervical intervertebral disc, degeneration of the lumbar intervertebral disc, depression, anxiety, headaches[,] diverticulitis[,] and irritable bowel syndrome (IBS) (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) which allows occasional bilateral upper extremity pushing and/or pulling, stooping, and crouching. The claimant should work in a temperature controlled environment. The claimant is limited to no climbing, no driving, no unrestricted heights, or using her left leg for pushing or pulling.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on [REDACTED] and is 52 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20CFR 404.1563).

8. The claimant has a high school education. She is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 11, 2013, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 13-22) (emphasis omitted).

## VI. ANALYSIS

The issue is whether the ALJ properly considered the treating physician's opinions and records. Upon review, the Court finds that he did not. Baker first argues that the ALJ should have given "Dr. Twilley's opinions 'substantial or considerable weight.'" (Doc. 12 at 29, 25-37). Baker argues that "the evidence bolsters Dr. Twilley's opinions," "does not support a contrary finding," and "Dr. Twilley's opinions are not conclusory or inconsistent with his medical records." (*Id.* at 29) (emphasis omitted). In response, the Commissioner argues that "[s]ubstantial evidence supports the ALJ's decision to given minimal weight to the extreme

7

limitations that Dr. Twilley indicated because they were unsupported by medically acceptable clinical and laboratory diagnostic techniques and inconsistent with other substantial evidence of record." (Doc. 14 at 5).

However, within the arguments regarding Dr. Twilley is a issue that particularly bothers the Court. Baker argues that "the ALJ has failed to discuss or include years of medical records that support Ms. Baker's disability claim." (Doc. 12 at 36). Indeed, a review of the exhibit list indicates that there are medical records spanning back to 2005. (Doc. 8-2 at 2). The Court agrees that the ALJ has included no meaningful discussion of these medical records, nor any indication of why they are irrelevant.[3] An ALJ's "review must take into account and evaluate the record as a whole." *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) (*citing Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984); *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487-88 (1951)).

The medical records and history prior to 2009 seem relevant and important to the issues in this case. They are referenced in Dr. Moizuddin's evaluation. (Tr. 414-416). In fact, much of his evaluation spends time discussing medical history prior to

---

[3] This is not to say that the ALJ *never* mentioned *anything* prior to 2013. He did, but only peripherally. (*See* Tr. 18) (referring to Baker's testimony that she had seen Dr. Twilley back in 2009); (Tr. 20) (generally referring to the "overall evidence in the record" but not including more concrete citations to the record to show the Court what he was considering).

2013. (*See id.*). Dr. Twilley also gave a sworn statement in this case. (Tr. 555-87).[4]

He knew Baker since before her accident on September 11, 2013. (*Id.* at 568). For that reason, he was able to see the changes in Baker from before the accident. (*See id.*) (noting how Baker's condition had declined). In fact, Dr. Twilley had seen Baker "over 45" times. (*Id.* at 564).[5]

"[The Eleventh Circuit does] not require the ALJ to 'specifically refer to every piece of evidence in his decision,' so long as the decision is sufficient to allow us to conclude that the ALJ considered the claimant's medical condition as a whole." *Ogranaja v. Commissioner of Social Sec.*, 186 F. App'x 848, 851 (11th Cir. 2006) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). The opinion the Court issues today does not ask the ALJ to recite every single piece of Baker's medical history. The Court is merely telling the ALJ not to practically ignore most of the pre-disability medical records, especially when that medical history is relied upon by the doctors whose opinions the ALJ discounted. In other words, "[s]how your

---

[4] The sworn statement was taken on March 20, 2014. (Tr. 555). He testified that a tornado destroyed many of his medical records on April 27 so that he could "only attest to the records [he did] have." (Tr. 563-64). Obviously, the Court does not expect the ALJ to discuss the medical records that do not exist. However, there are many medical records that do exist, that are in the record, and that could potentially change the outcome of this case because, while before the alleged onset date, they could go to credibility. Those records should be discussed.

[5] Baker represents, through her brief, that she had been seen by Dr. Twilley since 2009. (*See* Doc. 12 at 26-27).

9

work." *Patterson v. Commissioner of Social Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017).[6] Baker was prejudiced when "the ALJ did not consider all of the evidence in the record in reaching his decision." *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985).

While the Commissioner capably addresses Baker's two main arguments,[7] the Commissioner does not directly address the argument that the ALJ ignored evidence. Of course, the Commissioner argues generally that "[t]he ALJ . . . independently evaluated all relevant evidence." (*See* Doc. 14 at 11). The Commissioner also cites to the pre-2013 records in her brief. (*See id.* at 15). However, it is important that the ALJ himself evaluate the entire record. "[T]his Court will not 'affirm based on a post hoc rationale that 'might have supported the ALJ's conclusion.''" *Woodruff v. Berryhill*, 2018 WL 529959, n.3 (N.D. Ala. Jan. 24, 2018) (Hopkins, J.) (citing *Watkins v. Commissioner*, 457 F. App'x 868, 872 (11th Cir. 2012) (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984))). Obviously, because the Commissioner does not directly tackle this issue, she makes no argument that this was a harmless error.

---

[6] The Court recognizes that the Fourth Circuit in *Patterson* was dealing with a different situation than the Court currently faces. *See generally Patterson*, 846 F.3d 656. However, the Fourth Circuit's admonition rings true in this instance as well.

[7] Baker's two main arguments relate to the ALJ's treatment of Dr. Twilley's opinion and Baker's credibility. (Doc. 12 at 25, 37).

For the aforementioned reasons, the ALJ erred in failing, without adequate explanation, to meaningfully discuss Baker's medical records prior to the alleged onset date of disability. The Court's decision today is a narrow one. It is specific to the scenario when the ALJ discredits a treating physician who has treated a claimant over time, yet largely ignores (without meaningful explanation) medical records from before the period of disability even though that medical history was referenced, implicitly or explicitly, in the treating physician's discredited statements. It is on these facts that this Court cannot find that the ALJ properly considered the entire record.

Having determined that the ALJ erred in failing to include a meaningful discussion of the medical records prior to the alleged onset of disability, the Court declines to reach the other issues raised on appeal.

## VII. CONCLUSION

On the record before the Court, the Court declines to state that Baker is disabled. On remand, the ALJ must consider the entire record. For that reason, this case is **REVERSED** and **REMANDED** for further proceedings before the ALJ consistent with today's ruling.

**DONE** and **ORDERED** this 20th day of February, 2018.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge